## McClellan *v.* Gully, State Tax Collector.

(In Banc.   April 1, 1935.)

[160 So. 567.   No. 31646.]

432

See, also, Gully v. McClellan, 170 Miss. 405, 153 So. 524.

**Means Johnston** and **Pollard & Hamner,** all of Green-wood, for appellant.

Barbour & Henry, of Yazoo City, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant borrowed two thousand dollars from the sixteenth section funds of township 21, range 2 west, Leflore county, Miss., executed her note therefor secured by a trust deed to the county, and failed to pay it when due. This suit is by the state tax collector to collect the debt and to foreclose the deed of trust.

A demurrer filed to the bill of complaint was overruled. In support of her demurrer, the appellant says that the state tax collector is without authority to bring the suit.

Section 6986, Code 1930, provides that the state tax collector "shall have the power and it shall be his duty to

proceed by suit in the proper court against all persons . . . for all past due . . . obligations and indebtedness of any character due and owing'' to the state, county, municipality, drainage, levee, or other taxing district, or any subdivision thereof.

The appellant says, first, this suit is not within the provisions of that statute, and, second, if it is, it has been withdrawn therefrom by section 6770, Code 1930. On the first proposition the appellant contends that sixteenth section funds do not belong to the state or any of its subdivisions, but constitute a trust fund belonging to the inhabitants of the township. Sixteenth sections and the money derived therefrom are held in trust by the state for school purposes for the benefit of the inhabitants of the township in which the particular section lies. The county in which a sixteenth section lies has been appointed as the state's agent to act for it in dealing therewith, with authority to institute and defend suits relative thereto. This suit, therefore, is within section 6986, Code 1930.

Section 6770, Code 1930, appears in the chapter of the Code dealing with schools, and it authorizes the county superintendent of education to sue for all past-due loans of sixteenth section funds. This, and the former section, must be construed together, and harmonized, if possible. This can be easily done, for the effect of the two sections, in this connection, is only to confer power on each of two public officers to institute suits of this character. Such a purpose appears in other statutes involving the duties of the state tax collector, and is within the power of the Legislature. That a suit under the second statute may involve no expense to the county, or a reduction of the amount collected, while the former does, is not sufficient to indicate that the Legislature intended to withdraw from the state tax collector the power conferred on him by the first section.

Affirmed and remanded.